1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  KRISTEN T.,

11              Plaintiff,
        v.
12
    COMMISSIONER OF SOCIAL
13  SECURITY,

14              Defendant.

CASE NO. 2:23-cv-01745-GJL

ORDER ON PLAINTIFF'S COMPLAINT

15    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

16  Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate

17  Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 14, 15.

18    After considering and reviewing the record, the Court concludes that the Administrative

19  Law Judge ("ALJ") harmfully erred by rejecting the hearing testimony of Dr. Ashok Jilhewar.

20  The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case

21  for further proceedings.

22  //

23

24

## I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) and Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. Administrative Record ("AR") 126, 138.

Plaintiff's first and second hearings were held before ALJ Ilene Sloan ("ALJ Sloan") on August 31, 2015, and May 11, 2016. AR 48–125. On July 8, 2016, ALJ Sloan issued a written decision in which she concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 16–47. After the Appeals Council ("AC") affirmed ALJ Sloan's decision on August 22, 2017, Plaintiff filed a Complaint in this district seeking judicial review of the decision. AR 1, 2012. On January 3, 2019, District Judge Ricardo S. Martinez reversed and remanded, finding that the ALJ erred in her evaluation of two medical opinions. AR 2016–27.

A third hearing took place before ALJ Glenn Meyers ("the ALJ") on May 5, 2020. AR 1913–40. ALJ Meyers again found Plaintiff not disabled. AR 2032–68. The Appeals Council reversed this decision on May 18, 2022, finding that the ALJ did not properly account for Plaintiff's mental health limitations in his residual functional capacity ("RFC") assessment. AR 2069–75.

The final hearing was held before the ALJ on June 13, 2023. AR 1941–1971. The ALJ issued a new decision, finding Plaintiff not disabled. AR 1870–1912. Plaintiff appealed the ALJ's decision, filing a Complaint in this Court on November 16, 2023. Dkt. 4. Defendant filed the sealed administrative record regarding this matter on January 16, 2024. Dkt. 7.

//

## II. BACKGROUND

Plaintiff was born in December 1982 and was 30 years old on the alleged date of disability onset of April 15, 2013. AR 1873, 1898. Plaintiff has a high school education, and most recently worked as an art director and motion graphics designer in 2005. AR 387, 1898. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of Crohn's disease, status post ileocecal resection bilateral salpingo-oophorectomy and lysis of adhesions; right hip bursitis; depressive disorder; anxiety disorder; and personality disorder. AR 1876. However, the ALJ found Plaintiff was not disabled because she had the following RFC:

> to perform light work as defined in 20 CFR 416.967(b) except: must be provided a sit/stand at will option at work; lift/carry twenty pounds occasionally and ten pounds frequently; occasional stooping and crouching; no crawling, kneeling, climbing ramps, stairs, ropes, ladders, scaffolds; avoid concentrated exposure to vibration, extreme cold, hazards and heights; proximity to a bathroom in the workplace; able to understand, remember, and carry out simple instructions and tasks; able to use judgment to make simple work-related decisions; cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas; can deal with only rare changes in the work setting; no contact with the public; capable of working in proximity to but not in coordination with co-workers; and occasional contact with supervisors.

AR 1881.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether a remand for benefits is appropriate. Dkt. 12 at 1.

A.     **Assessment of Medical Opinions**

Plaintiff assigns error to the ALJ's evaluation of medical opinions from Dr. Ashok Jilhewar, M.D., Dr. Leilani Paras, M.D., and Dr. David Widlan, Ph.D. Dkt. 12 at 3–15.

The Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and if the opinion is contradicted by another doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).[1] However, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)). To reject such an opinion, an ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

   1.     **The May 2016 Hearing Testimony of Ashok Jilhewar, M.D.**

Dr. Jilhewar, a gastroenterologist, testified as a medical expert at Plaintiff's second hearing in 2016. AR 52–69. Dr. Jilhewar testified that he "did not find the events of active [Crohn's] disease" during the relevant period, and that medical records did not show that Plaintiff would have frequent enough bowel movements "to result in a functional effect or need for frequent bathroom breaks." AR 54–55. Nevertheless, Dr. Jilhewar found that Plaintiff's "abdominal pain, nausea, episodes of intermittent migraine, and constipation" meant that she was

---

[1] Because Plaintiff applied for benefits prior to March 27, 2017, this Court will proceed under the rules in 20 C.F.R. §§ 404.1527 and 416.927. For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c).

ORDER ON PLAINTIFF'S COMPLAINT - 4

"limited to so-called sedentary capacity with no specific additional nonextertional limitations." AR 58.

The ALJ gave Dr. Jilhewar's opinion "significant weight" but concluded that evidence received since 2016 demonstrated "that a sit/stand option is more appropriate than a limitation to sedentary work[.]" AR 1893. The ALJ did not explain his reasoning any further.

The ALJ's conclusory rejection of the sedentary exertional limitation—a single sentence vaguely asserting that some records from the last seven years contradict the limitation—is not supported by substantial evidence. *Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct") (internal citation omitted). The ALJ should have built a "logical bridge" explaining how these records show the capacity to perform light work instead of sedentary work. *Enrique C. v. Kijakazi*, No. 1:22-CV-03040-MKD, 2023 WL 2764647, at *6 (E.D. Wash. Mar. 31, 2023) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)).

The Commissioner's contention that recent records show "normal strength in [Plaintiff's] arms and legs, along with a normal gait" is irrelevant. Dkt. 14 at 10. Dr. Jilhewar is a gastroenterologist. AR 505–6. His opined limitations were premised on Plaintiff's "abdominal pain, nausea, episodes of intermittent migraine, and constipation" and are not weakened by evidence of musculoskeletal wellness. AR 57. Indeed, even those records cited by the Commissioner indicate Plaintiff was experiencing diarrhea, constipation, and abdominal tenderness, pain, and cramping, facts which support Dr. Jilhewar's testimony. AR 2482–83, 2518, 2527, 2675. The ALJ erred by rejecting the limitation to sedentary work.

//

### 2. Remaining Medical Opinions

Plaintiff also argues that the ALJ erred in evaluating the opinions of Drs. Paras and Widlan and the state agency physicians. Because reconsideration of Dr. Jilhewar's testimony "may impact the ALJ's analysis of the remaining medical opinions," the Court declines to analyze these opinions. *Kelsy E. H. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05358-DWC, 2019 WL 5388191, at *3 (W.D. Wash. Oct. 22, 2019).

**B.  Plaintiff Testimony**

Plaintiff also argues that the ALJ erred by discrediting her hearing testimony. Dkt. 12 at 15–23. Again, because reconsideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's credibility, the ALJ is further directed to reconsider this evidence on remand.

**C.  Remedy**

Plaintiff argues this Court should remand for an award of benefits. Dkt. 18 at 16-17. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The proper course is generally to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Remanding for a direct award of benefits is appropriate where:

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020). The third requirement is not satisfied here. The exertional limitations opined by the state agency consulting physicians exceed a limitation to sedentary work and thus conflict with the testimony of Dr. Jilhewar. AR 1893–94.

While this Court is mindful "that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay," there is no rule "requiring that evidence be credited as true after multiple remands." *Hector M. C. v. Saul*, No. EDCV 19-00944-RAO, 2020 WL 978736, at *5 (C.D. Cal. Feb. 28, 2020) (quoting *Giddings v. Astrue*, 333 F. App'x 649, 655 (2d Cir. 2009)). On remand, the ALJ shall reevaluate the medical opinions and Plaintiff's testimony, and redetermine RFC if necessary.

### IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 16th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge